IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS HARRISON )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS CENTRAL RAILROAD )<br>  COMPANY, a corporation; and )<br>TATE & LYLE INGREDIENTS )<br>  AMERICAS, INC.; also d/b/a )<br>  TATE & LYLE; also d/b/a )<br>  TATE & LYLE AMERICAS, INC, )<br>  a corporation; and )<br>AMERITRACK RAILROAD )<br>  CONTRACTORS, INC., a corporation )<br>)<br>   Defendants. ) | Cause No. 08-cv-748 |

**COMPLAINT**
Federal Employers' Liability Act
COUNT I

COMES NOW the Plaintiff, **TRAVIS HARRISON**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, hereinafter referred to as "ILLINOIS CENTRAL") states as follows:

1.    The jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51 <u>et. seq.</u>, and Title 28, Section 1331 as hereinafter more fully shown.

2.    At all times mentioned herein, the Defendant, ILLINOIS CENTRAL was and is an Illinois corporation, doing business in the State of Illinois as a railroad, and controlled, operated, and maintained, in interstate commerce, and in transporting

1

interstate commerce between various states, including the States of Illinois and Kentucky.

    3.    At all times relevant herein, TRAVIS HARRISON was and is a citizen and resident of the State of Illinois.

    4.    On or about October 24, 2006, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, TRAVIS HARRISON was an employee of ILLINOIS CENTRAL, a corporation, and had been for several years prior thereto.

    5.    At all times mentioned herein, all or part of the duties of the plaintiff as such an employee of ILLINOIS CENTRAL furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

    6.    On or about the October 24, 2006, or on a date known more certainly to the Defendant, the Plaintiff was employed by the defendant as a yardmaster, and while in the performance of his duties as a yardmaster, was injured while working at Tate & Lyle Ingredients Americas, Inc., located in Decatur, Illinois.

    7.    At said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a)    Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b)    Failed to provide Plaintiff with a reasonably safe method with which to do his work;

    (c)    Failed to inspect its yard for holes and depressions;

    (d)    Failed to barricade holes in its roadway;

    (e)    Failed to warn Plaintiff that a hole existed in the train yard;

  (f) Failed to light Plaintiff's work area and train yard;

  (g) Failed to place warning lights around the holes in its yards, roadways, and work surfaces; and

  (h) Allowed unsafe practices to become the common practice.

8. At said time and place, the Defendant, by and through its agents, servants, and employees, negligently, violated Track Safety Standards 40 C.F.R. Section 213 et. al. promulgated by the Department of Transportation/Federal Rail Administration Office of Safety, and enacted for the safety of employees, in that Defendant committed one or more of the following acts, omissions, or violations to wit:

  (a) Failed to inspect and maintain its tracks and roadbed;

  (b) Failed to support its track with material which would maintain proper track cross level, surface, and alignment;

  (c) Failed to maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed in such a manner as to accommodate expected water flow for the area consumed;

  (d) Failed to inspect its track pursuant to 49 C.F.R. Sections 213.233; and

  (e) Failed to conduct inspections of its track and roadbed following floods, severe storms, and washouts.

9. As a direct and proximate result in whole or in part, of one or more of the above and foregoing acts, omissions, or violations on the part of the Defendant, the Plaintiff was injured while driving in Tate & Lyle's yard when his truck fell into a hole causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; injuries to the arms, shoulders, wrists, hands, and knees; that he has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in

3

the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; that he has sustained an aggravation of a pre-existing condition;

WHEREFORE, the Plaintiff, TRAVIS HARRISON, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## PLAINTIFF DEMANDS TRIAL BY JURY

## COUNT II

COMES NOW the Plaintiff, **TRAVIS HARRISON**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for his Complaint against the Defendant, TATE & LYLE INGREDIENTS AMERICAS, INC.; also d/b/a TATE & LYLE; also d/b/a TATE & LYLE AMERICAS, INC., a corporation (hereinafter referred to as "TATE & LYLE"), states as follows:

1. The jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51 et. seq., and Title 28, Section 1367 against the Defendant, TATE & LYLE.

2.	At all times relevant herein, the Defendant, TATE & LYLE was and is an Illinois corporation, licensed to do business in the State of Illinois and at all times relevant herein, operating a train yard in Decatur, Illinois.

3.	At all times relevant herein, TATE & LYLE, was in the business of processing and transporting grain.

4.	At all times relevant herein, the Plaintiff, TRAVIS HARRISON, was and is a citizen and resident of the State of Illinois, and was employed by the ILLINOIS CENTRAL as a yardmaster.

5.	On or about October 24, 2006, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, TRAVIS HARRISON was an employee of the ILLINOIS CENTRAL, a corporation, and was engaged in the transporting of rail cars at TATE & LYLE'S facility in Decatur, Illinois.

6.	At all times relevant herein, the Plaintiff was upon Defendant's premises in order to further the business interest of the Defendant.

7.	At the above-stated time and place, and at all times mentioned herein, the Defendant maintained tracks, ballast, work surfaces, and roadways for the use of the Plaintiff, and employees of the ILLINOIS CENTRAL.

8.	At said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a)	Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b)	Failed to inspect its yard for holes and depressions;

    (c)	Failed to barricade holes in its roadway;

    (d)	Failed to warn Plaintiff that a hole existed in the train yard;

      (d)    Failed to light Plaintiff's work area and train yard;

      (f)    Failed to place warning lights around the holes in its yards, roadways, and work surfaces; and

      (g)    Allowed unsafe practices to become the common practice.

9.    At said time and place, the Defendant, by and through its agents, servants, and employees, negligently, violated Track Safety Standards 40 C.F.R. Section 213 et. al. promulgated by the Department of Transportation/Federal Rail Administration Office of Safety, and enacted for the safety of employees, in that Defendant committed one or more of the following acts, omissions, or violations to wit:

      (a)    Failed to inspect and maintain its tracks and roadbed;

      (b)    Failed to support its track with material which would maintain proper track cross level, surface, and alignment;

      (c)    Failed to maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed in such a manner as to accommodate expected water flow for the area consumed;

      (d)    Failed to inspect its track pursuant to 49 C.F.R. Sections 213.233; and

      (e)    Failed to conduct inspections of its track and roadbed following floods, severe storms, and washouts.

10.    At all times relevant herein, Plaintiff was free from contributory negligence.

11.    As a direct and proximate result, of one or more of the above and foregoing acts, omissions, or violations on the part of the Defendant, the Plaintiff was injured while driving in TATE & LYLE'S yard when his truck fell into a hole causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; injuries to the arms, shoulders, wrists, hands, and knees; that he has sustained pain

and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; that he has sustained an aggravation of a pre-existing condition;

WHEREFORE, the Plaintiff, TRAVIS HARRISON, prays judgment against the Defendant, TATE & LYLE, a corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

### PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT III

COMES NOW the Plaintiff, **TRAVIS HARRISON**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for his Complaint against the Defendant, **AMERITRACK RAILROAD CONTRACTORS, INC.** (hereinafter referred to as "AMERITRACK"), states as follows:

1. The jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51 et. seq., and Title 28, Section 1367 against the Defendant, AMERITRACK.

2. At all times relevant herein, the Defendant, AMERITRACK was and is a foreign corporation, licensed to do business in the State of Illinois and at all times relevant herein, was constructing railroad tracks, roadbed, and roadways. The property located in Decatur, Illinois, and owned by TATE & LYLE INGREDIENTS AMERICAS, INC.

3. At all times relevant herein, AMERITRACK, was in the business of designing and constructing railroad yards.

4. At all times relevant herein, the Plaintiff, TRAVIS HARRISON, was and is a citizen and resident of the State of Illinois, and was employed by the ILLINOIS CENTRAL as a yardmaster.

5. On or about October 24, 2006, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, TRAVIS HARRISON was an employee of the ILLINOIS CENTRAL, a corporation, and was engaged in the transporting of rail cars at TATE & LYLE'S facility in Decatur, Illinois.

6. At all times relevant herein, the Plaintiff was upon Defendant's premises in order to further the business interest of the Defendant.

7. At the above-stated time and place, and at all times mentioned herein, the Defendant was in the process of designing and building a railroad yard, including roadways for the use of the Plaintiff, and employees of the ILLINOIS CENTRAL, and employees of TATE & LYLE.

8.  At said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Failed to inspect its yard for holes and depressions;

    (c) Failed to barricade holes in its roadway;

    (d) Failed to warn Plaintiff that a hole existed in the train yard;

    (e) Failed to light Plaintiff's work area and train yard;

    (f) Failed to place warning lights around the holes in its yards, roadways, and work surfaces; and

    (g) Allowed unsafe practices to become the common practice.

9.  At said time and place, the Defendant, by and through its agents, servants, and employees, negligently, violated Track Safety Standards 40 C.F.R. Section 213 et. al. promulgated by the Department of Transportation/Federal Rail Administration Office of Safety, and enacted for the safety of employees, in that Defendant committed one or more of the following acts, omissions, or violations to wit:

    (a) Failed to inspect and maintain its tracks and roadbed;

    (b) Failed to support its track with material which would maintain proper track cross level, surface, and alignment;

    (c) Failed to maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed in such a manner as to accommodate expected water flow for the area consumed;

    (d) Failed to inspect its track pursuant to 49 C.F.R. Sections 213.233; and

    (e) Failed to conduct inspections of its track and roadbed following floods, severe storms, and washouts.

9

    10.    At all times relevant herein, Plaintiff was free from contributory negligence.

    11.    As a direct and proximate result, of one or more of the above and foregoing acts, omissions, or violations on the part of the Defendant, the Plaintiff was injured while driving in TATE & LYLE'S yard when his truck fell into a hole causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; injuries to the arms, shoulders, wrists, hands, and knees; that he has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; that he has sustained an aggravation of a pre-existing condition;

WHEREFORE, the Plaintiff, TRAVIS HARRISON, prays judgment against the Defendant, AMERITRACK, a corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>**

Respectfully submitted by,

**KUJAWSKI & ASSOCIATES, P.C.**

By: s/John P. Kujawski
   John P. Kujawski
   1331 Park Plaza Drive, Suite 2
   O'Fallon, Illinois  62269-1764
   618-622-3600
   618-622-3700
**Attorneys for the Plaintiff**