IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVIS HARRISON,

Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD
COMPANY, a corporation; and TATE
& LYLE INGREDIENTS AMERICAS, INC.;
also d/b/a TATE & LYLE AMERICAS, INC.,
a corporation; and AMERITRACK
RAILROAD CONTRACTORS, INC., a corp.,        No. 08-748-DRH

Defendant.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I. INTRODUCTION

This action was brought by Plaintiff Travis Harrison ("Plaintiff") against Defendants Illinois Central Railroad Company, a corporation ("Illinois Central"), Tate & Lyle Ingredients Americas, Inc., also d/b/a Tate & Lyle, also d/b/a Tate & Lyle Americas, Inc. ("Tate & Lyle"), and Ameritrack Railroad Contractors, Inc. ("Ameritrack"). (Doc. 2). Plaintiff's complaint consists of three counts: Count I is brought against Illinois Central pursuant to FELA; Count II is brought against Tate & Lyle for the condition of its premises; and Count III is brought against Ameritrack for negligence in performing its work and maintaining its worksite (Doc. 2). On March 10, 2009, Defendant Illinois Central filed a third-party complaint seeking

contribution from Third-Party Defendant Beyers Construction Co., Inc. (Doc. 46). Defendants have each submitted motions to transfer venue to the United States District Court of the Central District of Illinois. (Docs. 9, 21, & 26). Third-Party Defendant Beyers Construction Co., Inc., has also filed a motion to transfer venue (Doc. 74). Plaintiff filed responses to the respective motions. (Doc. 67 & 77). Defendant Illinois Central filed a reply on April 9, 2009. (Doc. 71). For the following reasons, the Court **DENIES** Defendants' motions to transfer (Docs. 9, 21, 26, & 74).

## II. DISCUSSION

**Section 1404(a)**, which governs the transfer of an action from one federal district to another, states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." **28 U.S.C. § 1404(a)**. In this case, neither party disputes that venue is proper in both this Court and the proposed transferee district court (the Central District of Illinois). **See 45 U.S.C. § 56**. However, what the parties do dispute is whether the interest of justice and the convenience of the parties and witnesses weigh in favor of transfer.

The relevant standard required for a **Section 1404(a)** transfer is whether the transferee forum is "clearly more convenient." ***Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)**. The party seeking transfer has the burden of establishing this fact. *Id*. The purposes of **Section 1404(a)** "is to prevent

the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." ***Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted)**.

In deciding a **§ 1404(a)** motion to transfer, the Court must seek to promote the efficient administration of justice and not merely the private interests of the parties. ***See North Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995) (Gettleman, J.)**. A court may refuse to transfer the case if it is not in the interest of justice. ***Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625**. The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court. ***Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey*, 796 F.2d at 219.** The language of **Section 1404(a)** does not indicate the relative weight that should be accorded each factor. The Seventh Circuit has noted, "these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." ***Coffey*, 796 F.2d at 220 n.3 (citations omitted)**. In essence, this Court must engage in a balancing test of the competing private interests (of the parties and witnesses) and the public interests of the Court. Each of the factors is discussed below.

A. **Convenience of the Parties and Witnesses**

In this case, Plaintiff clearly chose to file his suit in the Southern District

of Illinois. In considering the convenience of the parties, although Plaintiff resides is the Central District, he does not find it inconvenient to litigate in the Southern District (Doc. 67, Ex. A - Harrison Aff., ¶ 9). The general rule is that a plaintiff's choice of forum is to be given at least some deference. **See *FDIC v. Citizens Bank and Trust Co.*, 592 F.2d 364 (7th Cir. 1979); *Chicago Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955) (plaintiff's choice of forum should not be "lightly set aside")**.

Defendants argue that because they have numerous witnesses located in the Central District, expenses for these witnesses to travel to this District would be very costly over the course of the litigation (Doc. 22, p.16; Doc. 21 ¶9; Doc. 9 ¶9; Doc. 26 ¶8)). Defendant Illinois Central further points out that a number of witnesses include its employees located in the Central District and Defendant Illinois Central expresses concern that its operations might be interrupted if employee-witnesses were required to travel to the Southern District to testify (Doc. 22, p. 15, Ex. A ¶ 6). Defendant Illinois Central notes four witnesses who reside in the Central District and ten medical providers located in the Central District (*Id*. at pp. 12-13). As Plaintiff points out, Defendants have not submitted any affidavits from any of the potential witnesses stating that it would be inconvenient for them to travel to the Southern District and only Illinois Central provided a list of potential witnesses and their respective residences.[1]

---

[1] The Court notes that Defendant Illinois Central submitted the affidavit of Kelly Clough, Risk Mitigation Officer for Illinois Central and a potential witness listed by Plaintiff. Although Clough states

Conversely, Plaintiff lists key witnesses residing in or near this district. Plaintiff lists as a key witness, Debi White, a Registrered Nurse at Rehab Solutions of Illinois who was hired by Illinois Central. At Kelly Clough's direction, White consulted with Plaintiff at least 20 times over the course of 10 months and she evaluated Plaintiff and participated in the evaluation and consultation of Plaintiff when he met with Dr. Peter Mirkin, an orthopedic spinal surgeon in St. Louis, Missouri. Plaintiff states that White controlled his medical treatment at the direction of Illinois Central. Plaintiff argues that White is a crucial witness and, as her office is located in Mt. Vernon, Illinois, she resides in this district. Moreover, Dr. Peter Mirken is also an important medical witness and, although he resides in St. Louis, Missouri, he lives closer to this district than the proposed transferee district. Although Defendant Illinois Central argues that Dr. Mirkin and ReHab Solutions should not be given deference because it would encourage other plaintiffs to secure a forum by seeing doctors located in that forum, Plaintiff sought out the opinions of the physician and provider on the direction of Defendant Illinois Central (Doc. 67, pp. 9-10; Ex. A ¶¶ 4-7; Ex. B).

Plaintiff also lists as a witness Richard "Red" Dare who is the U.T.U. General Chairman and is familiar with the benefits and Plaintiff's general working conditions (Doc. 67, p. 11). Mr. Dare has an office in Benton, Illinois, which is in

---

that Defendant Illinois Central's operations would be inconvenienced by any employee witnesses traveling to the Southern District to testify, he does not state that those witnesses would be inconvenienced nor that it would be an inconvenience for him to travel to the Southern District.

this District. Plaintiff submits that the Southern District would be a more convenient forum for Mr. Dare. Plaintiff further points out that although Kelly Clough's office is located in the Central District, he routinely travels throughout the Southern District as part of his job so that travel to the Southern District would not be inconvenient. Defendants have also listed Plaintiff's former supervisor, Paul Bourzikas as a potential witness. Mr. Bourzikas lives in Olive Branch, Mississippi and it would be just as convenient for Mr. Bourzikas to travel to the Southern District as it would be for him to travel to the Central District. The Court notes it would likely be more convenient to travel to Southern Illinois than the Central District from Olive Branch, Mississippi. Plaintiff also states that Defendant Ameritrack is located in Frankfort, Indiana and it would be just as convenient for any witnesses from Frankfort to travel to the Southern District as it would for them to travel to the Central District. The Court notes that this District is near the St. Louis International Airport and several major interstate highways, making access to the Court relatively simply. Given that potential witnesses and parties are located in the Central District, the Southern District, and out of state, Defendants have clearly not shown that the Central District of Illinois is a more convenient forum for witnesses or the parties.

Although Plaintiff does concede that much of the documentary evidence is located in Homewood, Illinois, Defendants do not seem to argue that accessing these documents in this District would be difficult. Even so in today's times, "[e]asy air transportation, the rapid transmission of documents, and the abundance of law

firms with nationwide practices, make[s] it easy…for cases to be litigated with little extra burden in any of the major metropolitan areas." ***Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000)**. Defendants do, however, argue that the Central District is a clearly more convenient forum because the incident took place in the Central District and a jury view of the site of the incident would only be possible in the Central District. However, the Court is not swayed by this argument, as the Defendants admit that a physical inspection of the site by the jury would be rare. (Doc. 26 ¶ 7; Doc. 9 ¶8). The Court, therefore, finds Defendants have not met their burden to show that the convenience of the parties and witnesses weigh strongly in favor of a transfer of venue.

**B. Public Interests**

The "'interest of justice' is a separate component of a § 1404(a) transfer analysis." ***Coffey*, 796 F.2d at 220**. When balancing the public interest, factors related to the efficient administration of the courts, rather than private considerations of the litigants, are traditionally considered, such as the relative ease of access to sources of proofs and the speed at which the case will proceed to trial in the District where the motion is pending versus the District where the transfer is sought. ***Id.* at 221**.

In this case, it appears that recent statistics show litigation proceeds at a slightly faster pace in this District than in the Central District (Doc. 67, pp. 13-14,

Ex. G). Defendants claim that the Southern District and its citizens should not have to bear the expense and burden of trying the case because the Southern District has no relation to the litigation because the accident occurred in the Central District. However, Defendant Illinois Central is a resident of this district and is engaged in business within this district. Therefore, the outcome of this litigation will effect this community as much as the community in the Central District.

### III. Conclusion

Accordingly, the Court **DENIES** Defendants' motion to transfer venue (Docs. 9, 21, 26, 74) since a balance of the relevant factors shows that Defendants have not met their burden of demonstrating that the Central District of Illinois is clearly more convenient than the Southern District. This case shall, therefore, remain in the Southern District of Illinois.

**IT IS SO ORDERED.**

Signed this 27th day of May, 2009.

/s/     *David R Herndon*

**Chief Judge**
**United States District Court**