IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVIS HARRISON,

Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD
COMPANY, a corporation; and TATE
& LYLE INGREDIENTS AMERICAS, INC.;
also d/b/a TATE & LYLE AMERICAS, INC.,
a corporation; and AMERITRACK
RAILROAD CONTRACTORS, INC., a corp.,     No. 08-748-DRH

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Background

On October 24, 2008, Plaintiff Travis Harrison ("Plaintiff") filed a three count complaint against Defendants Illinois Central Railroad Company, a corporation ("Illinois Central"), Tate & Lyle Ingredients Americas, Inc., also d/b/a Tate & Lyle, also d/b/a Tate & Lyle Americas, Inc. ("Tate & Lyle"), and Ameritrack Railroad Contractors, Inc. ("Ameritrack"). (Doc. 2). Plaintiff's complaint consists of three counts: Count I is brought against Illinois Central pursuant to FELA; Count II is brought against Tate & Lyle for the condition of its premises; and Count III is brought against Ameritrack for negligence in performing its work and maintaining its worksite (Doc. 2).

On November 11, 2008, Defendant Tate & Lyle filed a combined motion

and brief to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) (Doc. 8). Specifically, Defendant Tate & Lyle moved to dismiss Count II of Plaintiff's complaint because Plaintiff had not alleged that Defendant was a common carrier by railroad or that Plaintiff was an employee of Defendant as required by the Federal Employer's Liability Act ("FELA"). **45 U.S.C. § 51 *et. seq.*.** Defendant Tate & Lyle also moved to dismiss Count II because paragraph 9 of Count II alleged violations of the Track Safety Standards contained in **49 C.F.R. § 213 *et. seq.*.** The Standards do not apply to tracks located inside an installation which is not part of the general railroad system of transportation (Doc. 8 at ¶ 11). ***See also* 49 C.F.R. §213.1.** Defendant Tate & Lyle maintains that Plaintiff has not alleged that any railroad track which is part of the general railroad system of transportation was involved in Plaintiff's accident (Doc 8 at ¶ 12).

Subsequently, on December 24, 2008, Defendant Ameritrack Railroad Contractors, Inc. ("Ameritrack") filed a combined motion and brief to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) (Doc. 27). Ameritrack sought to dismiss Count III of Plaintiff's complaint for the same reasons as Tate & Lyle. Specifically, Ameritrack sought to dismiss Count III because Plaintiff had not alleged that Defendant was a common carrier by railroad nor had Plaintiff alleged that he was an employee of Defendant as is required by FELA (Id. at ¶ 5-8). Further, Defendant Ameritrack argued in paragraph 9 of Count III Plaintiff failed to state a claim alleging violation of the Track Safety Standards. **49 C.F.R. § 213 *et. seq.*.**

Plaintiff failed to mention that a railroad track was associated with his injury and Plaintiff failed to allege that any railroad track that was part of the general railroad system of transportation was associated with his accident (Doc. 27 at ¶ 11-13).

Plaintiff requested an extension of time to file responses to Defendants' motions which the Court granted (Docs. 17 & 31). On March 30, 2009, Plaintiff filed timely responses to Defendants' respective motions (Docs. 58 & 59). Plaintiff stated that Defendant Tate& Lyle and Plaintiff agreed that Paragraph 9 of Count II should be stricken because investigation and discovery has revealed that the property where the accident occurred was not part of the general railroad system of transportation (Doc. 58). Plaintiff also stated that Defendant Ameritrack agreed that Paragraph 9 of Count III should be stricken for the same reasons (Doc. 59). Plaintiff further argued that the remainder of Count II and Count III should not be dismissed because the remainder of the Counts state a cause of action of negligence (Doc 58 p. 4; Doc. 59, p. 4).

On April 22, 2009, Defendant Illinois Central Railroad Company ("Illinois Central") filed a combined motion and brief for partial judgment on the pleadings pursuant to Rule 12(c) (Doc. 78). Specifically, Defendant Illinois Central moved for judgment on the pleadings for paragraph 8 of Count I, which alleged that Defendant Illinois Central had violated Track Safety Standards found in **49 C.F.R. § 213**. Similar to Defendants Ameritrack and Tate & Lyle, Defendant Illinois Central argued that Plaintiff failed to mention that any railroad track that was part of the general railroad system of transportation was involved in his accident (*Id*. at ¶8).

Plaintiff filed a response, conceding that Paragraph 8 of Count I could not succeed and moving to strike Paragraph 8 from Count I.

## II. Analysis

### A. Motions to Dismiss Pursuant to Rule 12(b)(6)

Defendants Tate & Lyle and Ameritrack bring their motions to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim. When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).** In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." ***Id.* at 555, 127 S. Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d. 209 (1986)).** The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

**E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted).**

Defendants Tate & Lyle and Ameritrack argue that Count II and Count III should be dismissed, in part, because Plaintiff has not stated a cause of action under FELA and because paragraphs 9 of both Counts allege that Defendants violated Track Safety Standards found in **40 C.F.R. § 213** and the standards are not applicable to this accident. Plaintiff's response states that Plaintiff and Defendants Tate & Lyle and Ameritrack have agreed that Paragraph 9 of Count II and Paragraph 9 of Count III should be stricken and that Defendants have agreed to file respective answers to the Complaint (Doc. 58 p.1, Ex. A: Doc. 59 p. 1,Ex. A), Plaintiff accurately points out that the remaining paragraphs of Counts II and III comply with the Court's pleading rules and state claims for negligence. Therefore, Paragraph 9 of Count II and Paragraph 9 of Count III will be struck from the Complaint per the agreement between Plaintiff and Defendants Tate & Lyle and Ameritrack. Accordingly, Defendants' motions to Dismiss pursuant to Rule 12(b)(6) are **DENIED** (Docs. 8 & 27).

**B.     Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c)**

Defendant Illinois Central's motion for partial judgment on the pleadings

is made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(c) and 12(h)(2)**, Rule 12(c) states that:

> After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings.

**Fed. R. Civ. P. 12(c).**

Thus, a Rule 12(c) Motion can only be considered after there is both a complaint and answer on file. ***Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002) (citing FED. R. CIV. P. 12(c))**. Much like a Rule 12(b)(6) motion, when analyzing a Rule 12(c) motion, a court must accept "all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." ***Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (internal citations and quotes omitted)**. A judgment on the pleadings should be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief" and when there are no remaining material questions of fact for the court to resolve. ***Id.*; see also *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) (internal citation omitted).**

Defendant Illinois Central seeks partial judgment on the allegation in Paragraph 8 of Count I. Defendant argues that the allegations in Paragraph 8 do not fall within the scope of the Track Safety Standards at **49 C.F.R. § 213** because Plaintiff has not alleged that any railroad track that is part of the general railroad system of transportation was involved in this incident. Plaintiff has filed a timely response to Defendant Illinois Central's motion. Plaintiff concedes that Paragraph

is made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(c) and 12(h)(2)**, Rule 12(c) states that:

> After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings.

**Fed. R. Civ. P. 12(c).**

Thus, a Rule 12(c) Motion can only be considered after there is both a complaint and answer on file. ***Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002) (citing FED. R. CIV. P. 12(c))**. Much like a Rule 12(b)(6) motion, when analyzing a Rule 12(c) motion, a court must accept "all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." ***Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (internal citations and quotes omitted)**. A judgment on the pleadings should be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief" and when there are no remaining material questions of fact for the court to resolve. ***Id.*; see also *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) (internal citation omitted).**

Defendant Illinois Central seeks partial judgment on the allegation in Paragraph 8 of Count I. Defendant argues that the allegations in Paragraph 8 do not fall within the scope of the Track Safety Standards at **49 C.F.R. § 213** because Plaintiff has not alleged that any railroad track that is part of the general railroad system of transportation was involved in this incident. Plaintiff has filed a timely response to Defendant Illinois Central's motion. Plaintiff concedes that Paragraph

8 of Count I should be stricken from the Complaint. Therefore, the Court **GRANTS** Defendant Illinois Central's motion for partial judgment on the pleadings pursuant to Rule 12(c) because Plaintiff concedes that the allegations in paragraph 8 cannot succeed since the accident occurred on property that was not part of the general railroad system of transportation.

### III. Conclusion

Accordingly, the Court **DENIES** Defendants Tate & Lyle and Ameritrack's motions for dismissal pursuant to Rule 12(b)(6) (Docs. 8 & 27) as the parties have agreed to strike Paragraph 9 of Count II and Paragraph 9 of Count III. Further, the Court **GRANTS** Defendant Illinois Central's motion for partial judgment on the pleadings pursuant to Rule 12(c) (Doc. 78) as Plaintiff concedes that Paragraph 8 of Count III should be stricken.

**IT IS SO ORDERED.**

Signed this 27th day of May, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**