IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVIS HARRISON,

Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD
COMPANY, a corporation; and TATE
& LYLE INGREDIENTS AMERICAS, INC.;
also d/b/a TATE & LYLE AMERICAS, INC.,
a corporation; and AMERITRACK
RAILROAD CONTRACTORS, INC., a corp.,           No. 08-748-DRH

Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On October 24, 2008, Plaintiff Travis Harrison filed a three count Complaint against Defendants Illinois Central Railroad, Tate & Lyle Ingredients Americas, Inc. ("Tate & Lyle"), and Ameritrack Railroad Contractors, Inc. pursuant to the **Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 et seq** (Doc. 2). Plaintiff alleges that on October 24, 2006, while working for Defendant Illinois Central as a yardmaster on property owned by Tate & Lyle in Decatur, Illinois, Plaintiff was injured (*Id*. at ¶¶ 4-6). Specifically, Plaintiff alleges that while driving in Tate & Lyle's yard, Plaintiff's truck fell into a hole causing Plaintiff injuries.

On February 2, 2009, Defendant Illinois Central filed a Crossclaim against Defendant Tate & Lyle seeking contribution and/or in the alternative implied indemnification from Defendant Tate & Lyle for the injuries that Plaintiff received (Doc. 36). Count II of Defendant Illinois Central's crossclaim seeks indemnification from Tate & Lyle, arguing that Defendant Illinois Central and Tate & Lyle had a legal relationship before Plaintiff's accident and that Illinois Central's liability to Plaintiff is solely derivative of the actions of Tate & Lyle (*Id*. at ¶¶ 26-36).

Now before the Court is Defendant Tate & Lyle's motion to dismiss Count II of Illinois Central's Crossclaim (Doc. 40). Specifically, Defendant Tate & Lyle argues that Defendant Illinois Central can not seek implied indemnification from Tate & Lyle because FELA requires a finding of negligence which would bar Illinois Central from seeking indemnification if it is found liable under FELA. Further, Defendant Tate & Lyle argues that Defendant Illinois Central has not alleged an adequate pre-tort relationship with Tate & Lyle. Defendant Illinois Central has filed a response to the motion (Doc. 53). Defendant Tate & Lyle has filed a reply (Doc. 68). For the following reasons, the Court **DENIES** Defendant Tate & Lyle's motion to dismiss Count II of Illinois Central's Crossclaim (Doc. 40).

## II.  Discussion

### A.  Motion to Dismiss

Defendant Tate & Lyle brings its motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim. When ruling

on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007).** In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." ***Id*. at 555, 127 S. Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).** The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted).**

**B.     Analysis**

*1.     Liability under FELA*

Defendant Tate & Lyle argues that Defendant Illinois Central can not seek indemnity for Plaintiff's injuries because Plaintiff's claims against Illinois Central are based on claims of negligence.  Defendant Tate & Lyle argue that since Plaintiff alleges that Illinois Central is negligent based on actions or inactions at the time of Plaintiff's injuries, it can not seek indemnity from Defendant Tate & Lyle.

Under Illinois' theory of implied indemnity, "a promise to indemnify will be implied…where a blameless party is derivatively liable to the plaintiff based on the party's relationship with the one who actually caused the plaintiff's injury." **Schulson v. D'Ancona and Pflaum LLC, 354 Ill.App.3d 572, 576, 821 N.E.2d 643, 647 (1st Dist. 2004) (citing Kerschner v. Weiss & Co., 282 Ill.App.3d 497, 503, 667 N.E.2d 1351, 1355 (1st Dist. 1996))**.  The premises behind implied indemnity is to allow a defendant, who is liable to a plaintiff through no fault on his own part, but who is subject to liability based solely on the legal relationship with the plaintiff or because of a "nondelegable duty arising of statutory or common law," to recover from the party actually at fault.  **Frazer v. A.F. Munsterman, Inc., 123 Ill.2d 245, 255, 527 N.E.2d 1248, 1252 (1988)**.  The right to seek indemnification may arise under contract or may be implied where a promise to indemnify is implied from the relationship of the parties.  **Kerschner, 282 Ill.App.3d at 503, 667 N.E.2d at 1355 (citing Dixon v. Chicago & North Western Transportation Co.,**

**151 Ill.2d 108, 118, 601 N.E.2d 704, 709 (1992))**. Implied indemnity "recognizes that a blameless party (the indemnitee) may be held derivatively liable to the plaintiff based upon the party's legal relationship with the one who actually caused the plaintiff's injury (the indemnitor)." ***Id.* (citing *American National Bank and Trust Co. v. Columbus-Cuneo-Cabrini Medical Center*, 154 Ill.2d 347, 351, 609 N.E.2d 285, 288 (1992))**.

Defendant Illinois Central states that it is entitled to seek indemnity from Tate & Lyle if it is found culpable to Plaintiff solely on its nondelgeable duty under FELA to provide a safe work place. Defendant Illinois Central cites to two Illinois cases, ***Schrier v. Indiana Harbor Belt Railroad Company*, 82 Ill.App.3d 561, 402 N.E.2d 872 (1st Dist. 1980)** and ***Summar v. Indiana Harbor Belt Railroad Co.*, 147 Ill.App.3d 851, 515 N.E.2d 130 (1st Dist. 1987)** to support its proposition. In both cases, the courts, applying Indiana law, found that a railroad could be entitled to seek indemnification from the owners of the land where the plaintiff's injury occurred. Although Indiana law did not provide for indemnification, Indiana had carved out an exception to the rule allowing a party who was constructively liable to a party through a special statute which imposes a nondelegable duty, "but who [was] otherwise without fault, [to be] entitled to indemnity from one who directly cause[d] the harm." ***Schrier*, 82 Ill.App.3d at 565, 402 N.E.2d at 875.** The courts found that, under FELA, a party could be liable based on its nondelegable duty to provide a safe work place as FELA imposes

a duty "to inspect the third party's property for hazards and to take precautions to protect the employee from possible defects," a duty separate from any negligence caused by a third party. **Id. at 564, 402 N.E.2d at 875.** Thus, a railroad could be liable based solely on its nondelegeable duty to provide its employees with a safe work place but based on a dangerous condition caused by the negligent acts of a third party. **Id. at 565, 402 N.E.2d at 876**. Therefore, the courts found it premature to determine whether the railroad could proceed on its counterclaim as its ability to seek indemnification would depend on whether the railroad was found negligent under FELA and to what extent it had been found negligent. **Summar, 147 Ill.App.3d at 856, 515 N.E.2d at 133.**

Similar to Indiana law, Illinois indemnification law's fundamental premises "is that the indemnitee, although without fault in fact, has been subjected to liability solely because of the legal relationship with the plaintiff or a *nondelegable duty arising out of common or statutory law*." **Frazer, 123 Ill.2d at 255, 527 N.E.2d at 1252 (emphasis added).** Here, as the courts in **Summar** and **Schrier** point out, FELA requires a plaintiff to show that "he was injured in the course of his employment [with] the [r]ailroad and as a proximate result of the [r]ailroad's negligence." **Summar, 147 Ill.App.3d at 855, 515 N.E.2d at 132.** Although FELA requires a showing of negligence, "any showing of negligence on the part of the [r]ailroad, even the slightest, is sufficient to create liability." **Id**. The railroad could be liable for negligence that doesn't amount to common law negligence and a railroad

could be found negligent based solely on its nondelgeable duty to provide a safe workplace. *Id*. Thus, a railroad like Illinois Central could be liable to Plaintiff based solely on its statutory duty under FELA but through no fault of its own in creating the unsafe conditions allegedly created solely by Tate & Lyle. **See also Schrier, 82 Ill.App.3d at 565, 402 N.E.2d at 876 ("Railroads have been held liable in FELA actions where its employees were injured because of unsafe premises…brought about through the act of another without fault on the railroad's part." (collecting cases))**. Like in *Summar* and *Schrier*, the Court finds that the premises of implied indemnity in Illinois is similar to Indiana's constructive liability exception and defendants liable under FELA could, for similar reasons, seek indemnification from those that cause the unsafe condition.[1] Thus, if Illinois Central is found liable based solely on its nondelegeable duty under FELA but through no fault of its own, then it could seek indemnification from Tate & Lyle. Like the court in *Summar*, this Court finds that it is premature to dismiss Illinois Central's counterclaim as the validity of its claim will depend on whether and to what extent it is found negligent under FELA.

Tate & Lyle, however, argues that the Illinois Supreme Court has determined that a party can not seek indemnification if it is negligent or otherwise at fault and since FELA requires a finding of negligence, Defendant Illinois Central

---

[1] The Court notes that Illinois has not specifically determined whether a railroad held liable under FELA on its nondelegeable duty to provide a safe work place can seek indemnification from the party who caused the unsafe working condition.

can not seek indemnification.[2] **See *Dixon*, 151 Ill.2d at 120-21, 601 N.E.2d at 710 (finding that FELA requires a finding of negligence which prevents parties from seeking indemnification from manufacturers in defective products cases as the party seeking indemnification must not be "negligent or otherwise at fault in causing the loss" (quoting *Thatcher v. Commonwealth Edison Co.*, 123 Ill.2d 275, 278, 527 N.E.2d 704, 710 (1988)))**. However, what Defendant Tate & Lyle fail to point out is that the Illinois Supreme Court, in *Dixon,* specifically dealt with implied indemnification in products liability cases. *Id.* **See also *Frazer*, 123 Ill.2d at 261, 527 N.E.2d at 1255 (in determining that the question before the court dealt with an action involving a defective products, the court stated that "the question involving vicarious or derivative liability of the one claiming indemnity will not be considered.")**. The Court did not deal with the issue of whether a defendant, like Illinois Central, who is allegedly derivatively liable to the plaintiff based on its nondelegable duty can bring an implied indemnification claim against the owner of the property. Further, Defendant Tate & Lyle have not pointed to any case law preventing a party held liable under FELA from pursuing an implied indemnification claim based on derivative liability. The Court finds that the situation here is different than that presented in *Dixon* and, therefore, the holding in *Dixon*

---

[2] Defendant Tate & Lyle also argues that the state of indemnification law in Indiana law is different from implied indemnity in Illinois. However, as the Court has already stated, the premises of implied indemnity in Illinois is the same as the indemnity exception in Indiana. Both allow parties to seek indemnification when they are liable based on a nondelegable duty imposed upon them under statutory or common law. FELA is one such statute which holds a party liable for its nondelegable duties.

does not apply here. The situation here is similar to the situation presented in *Summar* and *Schrier* which allowed a claim of implied indemnity for liability arising under FELA. Therefore, the Court finds that Illinois Central could possible seek indemnification depending on whether and to what extent it is found negligent under FELA.

### 2. *Pre-tort relationship*

Defendant Tate & Lyle also argues that Defendant Illinois Central has not alleged an adequate pre-tort relationship which would give rise to a duty to indemnify. Specifically, Defendant Tate & Lyle argue that the pre-tort relationship that Defendant Illinois Central has alleged is that of a business invitee which does not give rise, in Illinois, to a duty to indemnify. *See Commonwealth Edison Co. v. Warren-Zimmerman Co.*, 179 Ill.App.3d 120, 124, 534 N.E.2d 427, 430 (1st Dist 1989) (citing *Lohman v. Morris*, 146 Ill.App.3d 457, 497 N.E.2d 143 (3rd Dist. 1986)). Defendant Illinois Central argues that it has alleged a pre-tort relationship with Tate & Lyle and although there are no express agreements demonstrating their relationship, Tate & Lyle and Illinois Central are engaged in an "ongoing, mutually beneficial, business relationship."

In order to state a cause of action for implied indemnity, the party seeking indemnification must allege: (1) a pretort relationship between the two parties and (2) a qualitative distinction between the conduct of the party seeking indemnification and the third party defendant. *See Kerschner*, 282 Ill.App.3d at

**503, 667 N.E.2d at 1356.** Classic pretort relationships include lessor/lessee, employer/employee, owner/lessee, and master/servant. **Id. at 503-04, 667 N.E.2d at 1356.** While the list is not exhaustive, a party must allege a specified legal relationship beyond "mere involvement in a common undertaking." ***Illinois Cent. Gulf R.R. v. American President Lines, Inc.*, 161 Ill.App.3d 733, 738, 515 N.E.2d 242, 245 (1st Dist. 1985)**.

Here, the Court finds that Defendant Illinois Central has alleged a specific relationship beyond "mere involvement in a common undertaking." While Illinois Central and Tate & Lyle do not have any express agreements as to the specific location where the incident occurred, they do have express agreements for building track, selling track, and trackage rights agreements at different locations. Further, Illinois Central picks up and sets out railcars at the location on a daily basis and also delivers and pulls out grain trains. Illinois Central alleges that they have an on going, mutually beneficial business relationship with Tate & Lyle. ***Johnson v. Hoover Water Well Service, Inc.*, 108 Ill.App.3d 994, 996, 439 N.E.2d 1284, 1286 (2nd Dist. 1982) (stating that the parties had an "ongoing business relationship")**. Here, Illinois Central alleges that its relationship with Tate & Lyle was more than a business invitee and more than mere involvement in a common undertaking. Illinois Central alleges that the two parties had an ongoing business relationship which their express agreements and work at the location at issue demonstrate. Therefore, the Court **DENIES** Defendant Tate & Lyle's Motion to Dismiss (Doc. 40).

### III.  Conclusion

Accordingly, the Court **DENIES** Defendant Tate & Lyle's motion to Dismiss Count II of Illinois Central's Crossclaim (Doc. 40).

**IT IS SO ORDERED.**

Signed this 28th day of September, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**